PEOPLE *ex rel.* ULRICH *v.* BOARD OF EDUCATION *et al.*

(*Superior Court of New York City, Special Term.* November 27, 1888.)

1. SCHOOLS AND SCHOOL-DISTRICTS—ADMISSION OF PUPIL—MANDAMUS.
    Before *mandamus* will lie to compel the admission of relator's child to a ward school in New York city, his exclusion having been caused, as alleged, by a violation of a rule of the board of education by the principal, relator must appeal from the principal's decision to the board of trustees of the ward, and thence to the board of education.

2. SAME—READMISSION AFTER GRADUATION.
    It appearing that the child had been graduated from the primary department; that he had ceased to be a member thereof, and that there is no room to seat him, —his readmission to that department will not be compelled.

At chambers. On application for *mandamus.*

Application by the people *ex rel.* Charles Ulrich for *mandamus* against the board of education of the city of New York, the school trustees of the Twenty-Second ward, Matthew J. Elgas, and Julia M. Elliott, to compel the readmission of relator's son to the primary department of school No. 69, of which defendant Elliott was principal. Defendant Elgas was principal of the grammar department of said school, and refused to admit the boy into that department, on the ground that he was not qualified. He then went back to the primary department, and was refused admission on the ground that he had gone through that department and been dismissed to make room for others.

*H. T. Marston,* for relator. *Henry Parsons,* for defendant Elliott.

FREEDMAN, J. The relator did not exhaust his remedy before applying for a writ of *mandamus.* If, as he claims, the principal of the grammar school

was guilty of a violation of a rule of the board of education, the relator should have appealed from the principal's decision to the board of trustees, and from that board to the board of education. In *People ex rel. Margaret McKenna* v. *Adeline G. Kelly*, which involved the same point, Judge BOOKSTAVER came to the same conclusion, and I entirely agree with him upon this point. The relator also failed to make out a case to compel his readmission into the primary department, for the uncontroverted facts show that he graduated out of it; that he ceased to be a member; and that there is at present no room to seat him.

The foregoing views render it unnecessary to pass upon the further objection that the present application is not made by a guardian *ad litem*. Application denied.